ANDREW J. FISKE *vs.* DANIEL S. PRATT.

Middlesex.    March 9, 1891. — September 5, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Written Instrument — Promissory Note — Indorser — Notice of Non-payment.*

A written instrument contained a promise "to pay to A. J. F. & Co. at their office" a certain sum in four months after date, upon the "agreement of the promisor and the indorsers of this note" that it should be held subject to a certain contract, "the signatures of said promisor and said indorsers to this note" being their assent to an addition to what was due on the contract. The instrument bore the following, "Indorsed by S. B. P., party to contract"; and the contract, to which S. B. P., a woman, was a party, provided for her indorsement of "the original note." *Held*, that, whether she was technically an indorser or not, her responsibility was not greater than if she was an indorser; and that she was entitled to notice in case of non-payment by the principal promisor.

CONTRACT, against "Daniel S. Pratt, as he is executor of the will and estate of Susan B. Pratt." The declaration was as follows: "And now comes the plaintiff and says that Daniel S. Pratt made a promissory note, a copy whereof is hereto annexed, marked A, payable on the terms and conditions con-

tained in the contract, a copy whereof is hereto annexed, marked B ; and the said Susan B. Pratt, deceased, indorsed said note, (see copy of indorsement on back of said note,) and the said Susan B. Pratt became and was a joint promisor ; that the plaintiff is the owner of said note, and this defendant as administrator owes the plaintiff the amount thereof, and interest thereon." The copy marked A was as follows :

"$351.14. Wellesley Hills, March 5, 1884. Four months after date, I promise to pay to A. J. Fiske & Co. at their office in West Newton, Mass., three hundred and fifty-one $\frac{14}{100}$ dollars, same being for amount of balance of $219.49, now due upon the contract made with A. J. Fiske, October 30th, 1882, and including also the amount of said Fiske & Co.'s bill to November 23d, 1883, for roofing and sundries, amounting to $131.65, upon the express understanding and agreement of the promisor and the indorsers of this note that it shall be held and carried upon the terms and conditions of said contract of October 30th, 1882, and in no other way. The signatures of said promisor and said indorsers to this note being by mutual agreement their assent to the addition of said $131.65 to the balance now due on said contract, and incorporated in this note as part of said contract from March 5th, 1884, until paid in full."

This instrument bore the following : " Indorsed by Susan B. Pratt, party to contract." The contract referred to in the declaration, and annexed thereto and marked B, was dated October 30, 1882, and was between Andrew J. Fiske, party of the first part, Daniel S. Pratt, party of the second part, and Susan B. Pratt, party of the third part, and contained the following: "The said Fiske, the party of the first part, in consideration of one dollar, and for the further consideration of a certain promissory note payable to him, signed by the said Daniel S. Pratt of the second part, and indorsed by the said Susan B. Pratt of the third part, dated October 30th, 1882, running four months from that date, and amounting to three hundred thirty-two $\frac{64}{100}$ dollars, receipt of both of which is hereby acknowledged, doth hereby covenant and agree with the parties of the second and third parts that he will, at the maturity of the said note, (at the end of four months from its date,) renew the same, and will continue to renew it from time to time in the manner herein-

after specified during the full term of three years from the date of this instrument and said note. . . . And the said Susan B. Pratt of the third part hereby agrees to indorse the original note for three hundred thirty-two $\frac{64}{100}$ dollars, and its renewals during three years, with the express understanding and agreement of said Fiske, that her liability in consequence of such indorsement shall be limited to thirty-three dollars for each four months note or twenty-five dollars for each three months note."

The defendant demurred to the declaration, on the ground, among others, that it did not appear from the declaration that " due notice of the non-payment of the note declared on was ever given to the defendant or his testator."

The Superior Court sustained the demurrer, and the plaintiff appealed to his court.

The case was submitted on briefs in March, 1891, and afterwards, in July following, was submitted on the same briefs to all the judges except *Field*, C. J.

*H. H. Mather*, for the plaintiff.

*C. E. Washburn*, for the defendant.

ALLEN, J. It is not necessary to determine whether the instrument declared on is or is not properly described in the declaration as a promissory note. The instrument itself being fully set forth by copy, together with the original contract under which it was given, and which is therein referred to, the undertaking of the defendant's testate may be ascertained, and it appears to us that the responsibility which she assumed was no greater than that of an indorser of a note. By the original contract she agreed to indorse the note. The instrument called a note twice refers to indorsers, and her signature is prefixed by the words " indorsed by." Whether technically an indorser or not, her responsibility is no greater than if she was an indorser. It is as if she stipulated for notice in case of non-payment by the principal promisor. She was entitled to such notice. There being no averment that such notice was given, the demurrer was properly sustained.

*Judgment for the defendant affirmed.*